**EXHIBIT "A"**

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

BRIAN BEAR,

        Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

Case No. 15-       - NF
Hon.

15-001700-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/10/2015 8:08:05 AM
CATHY M. GARRETT

GEOFFREY N. FIEGER (P30441)
FIEGER, FIEGER, KENNEY,
GIROUX & HARRINGTON, PC.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555/248 355-5148 FAX
g.fieger@fiegerlaw.com

---

**COMPLAINT AND JURY DEMAND**

There is no other pending or resolved civil action arising out of the transaction
or occurrence alleged in the complaint

Plaintiff, BRIAN BEAR, by and through his attorneys, FIEGER, FIEGER, KENNEY,

GIROUX & HARRINGTON, P.C., for his Complaint and Jury Demand, states as follows:

**JURISDICTIONAL ALLEGATIONS**

1.      At all times relevant to this litigation, Plaintiff, BRIAN BEAR, was a resident of

the City of Dearborn Heights, County of Wayne, State of Michigan.

2.      Upon all information and belief and at all times relevant to this lawsuit Defendant

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (STATE FARM) is an

insurer authorized to do business in the State of Michigan, and as such, issues automobile

DB

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

insurance policies throughout the State of Michigan, including in the County of Wayne, State of Michigan.

3.     The events which give rise to the subject cause of action took place on February 7, 2014, in the City of Taylor, County of Wayne, State of Michigan.

4.     The amount in controversy in this case exceeds $25,000.00 exclusive of interest, costs and attorney fees and this lawsuit is otherwise properly before this Court.

5.     Venue and jurisdiction are properly vested in this court.

## COUNT I – BREACH OF CONTRACT

6.     Plaintiff BEAR incorporates by reference the preceding paragraphs herein.

7.     On February 7, 2014, Plaintiff BEAR, was insured with a STATE FARM, under policy 0847074-E09-220, where STATE FARM was statutorily and contractually bound to provide No-Fault Personal Injury Protection benefits to BEAR in the event of a motor vehicle crash.

8.     On February 7, 2014, Plaintiff BEAR was struck by another vehicle.

9.     At that time, Plaintiff BEAR suffered an accidental injury within the meaning of the Michigan No-Fault Insurance Act (No-Fault Act), MCL 500.3101 et seq., and for which applicable premiums are paid.

10.     Plaintiff timely filed a claim with STATE FARM, which was assigned claim number 22-3V46-030.

11.     As a result of the accident on February 7, 2014, Plaintiff BEAR'S injuries include, but are not limited to injuries to the back, head, and neck.

12.     As a result of this accidental bodily injury arising out of the ownership, operation, maintenance, of a vehicle as a motor vehicle, Plaintiff BEAR sustained injuries which required

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

reasonable and necessary medical treatment, medical bills, wage loss benefits, replacement services, medical mileage, and attendant care and other allowable expenses under the Michigan No-Fault Act.

13.     As a result of the accident that occurred on February 7, 2014, Plaintiff has incurred:

a.      Reasonable and necessary expenses for care, recovery, or rehabilitation;

b.      loss of wages as provided by MCL 500.3107(1)(b);

c.      reasonable and necessary replacement services;

d.      medical mileage, and

e.      other personal protection benefits in accordance with the applicable No-Fault provisions.

14.     Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant STATE FARM has refused to pay or is expected to refuse to pay in the future.

15.     Defendant STATE FARM has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff for benefits arising out of this accident contrary to MCL 500.3142 and MCL 500.3148 and continues to do so.

## COUNT II - DECLARATORY RELIEF

16.     Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs herein.

17.     An actual controversy exists between Plaintiff and Defendant.

18.     The Court must determine the following:

a.      The applicability of the No-Fault Act to Plaintiff's claims;

b.      The amount of wage loss benefits, replacement service expenses, attendant care expenses, no-fault interest, actual attorney fees, or other benefits owed to Plaintiff;

c.      Whether, and in what amount, any reduction, setoffs or reimbursements may be claimed by Defendant;

d.      Other determinations, orders and judgments necessary to fully adjudicate the rights of the parties.

WHEREFORE, Plaintiff BEAR respectfully requests a declaration of rights and an award of damages in whatever amount he is found to be entitled to in excess of $25,000.00, plus interest, costs and no-fault attorney fees.

Respectfully Submitted,

**FIEGER, FIEGER, KENNEY,
GIROUX & HARRINGTON, PC**

By:    */s/Geoffrey N. Fieger*
       GEOFFREY N. FIEGER (P45549)
       Attorneys for Plaintiff
       19390 West Ten Mile Road

Dated: February 9, 2015       Southfield, MI  48075
       248 355-5555/248 355-5148 FAX

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

4

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

BRIAN BEAR,

Case No. 15-                    - NF

      Plaintiff,

Hon.

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____

GEOFFREY N. FIEGER (P30441)
FIEGER, FIEGER, KENNEY,
GIROUX & HARRINGTON, PC.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555/248 355-5148 FAX
g.fieger@fiegerlaw.com
_____

**JURY DEMAND**

    NOW COMES Plaintiff BRIAN BEAR, by and through his attorneys FIEGER, FIEGER,

KENNEY, GIROUX & HARRINGTON, P.C. hereby requests a trial by jury in this matter.

        Respectfully submitted,

    By:    */s/Geoffrey N. Fieger*
        Geoffrey N. Fieger (P30441)
        Attorneys for Plaintiff
        19390 West Ten Mile Road
        Southfield, MI 48075
        248 355-5555/248 355-5148 FAX

Date: February 9, 2015

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

BRIAN BEAR,

        Case No. 15-001700-NF

      Plaintiff,           Hon. Annette Berry

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____

GEOFFREY N. FIEGER (P30441)
FIEGER, FIEGER, KENNEY,
GIROUX & HARRINGTON, PC.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555/248 355-5148 FAX
g.fieger@fiegerlaw.com

_____

**PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY**

      NOW COMES Plaintiff, BRIAN BEAR, by and through his attorneys, Fieger, Fieger,

Kenney, Giroux & Harrington, P.C., hereby requests that Defendant(s) answer separate and

fully, in writing and under oath, pursuant to MCR 2.309, MCR 2.310 and MCR 2.312, the

following requests for Admission, Interrogatories and Requests for Production of Documents

within twenty-eight (28) days after service hereof.

      The information sought must be given, whether it is secured by you, your agent, your

representative or attorney, or any other person from whom you can obtain said information and

who is competent to testify as to the facts stated.

These Interrogatories shall be deemed continuing as required by Court Rule, and supplemental answers thereto shall be required if this Defendant, either directly or indirectly, obtains further or different information from that upon which the Answers are based from the time that they are filed until trial of this matter.

## DEFINITIONS AND EXPLANATORY NOTES

A.      "Documents" shall mean all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation, written communications, letters, correspondence memoranda, minutes, notes, films, recordings of any type, transcripts, contracts, agreements, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, checks, and financial statements, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had, or can obtain access. Further, documents include all non-identical copies of the same document, such as drafts or copies of a document with handwritten notations.

B.      "You" or "your" means or refers to Defendant as well as its officers, directors, agents, employees, attorneys, and any other person acting or purporting to act on its behalf.

C.      "Defendant" means or refers to the Defendant answering these Interrogatories as well as its officers, directors, agents, employees, attorneys and any other person acting or purporting to act on its behalf.

D.      "Person" or "persons" refers to any individual, corporation, trust, or other collective organization or entity.

E.      "Identify" when used with respect to an individual means to state (1) his name, (2) business affiliation and title and (3) last known address and telephone number.

F.      "Identify" when used with respect to a document means to state (1) type of document (e.g., letter, memoranda, handwritten note); (2) its date; (3) its author and addressee; (4) its last known custodian or location; and (5) a brief description of its subject matter and size. In lieu of identifying any document, you may attach a copy of it to your answer indication the interrogatory to which it is responsive.

G.      "Identify" when used with respect to a company or other business entity means to state (1) the company's legal name and the name under which it does business; (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.      In accordance with the provisions of MCR 2.309(E), Defendant shall either (a) produce the documents requested herein as they are kept in the usual court of business or (b)

organize, label and produce each document by the paragraph or subparagraph number of this request in response to which production is made.

I.       If Defendant claims any privilege with respect to any information or documents, Defendant shall furnish a list identifying the information or each document for which the privilege is claimed, together with the following information: date, sender, recipient, persons to whom copies were furnished together with their job titles, subject matter, basis on which privilege is claimed, and the paragraph of this request to which such document responds.

J.       There shall be continuing duty on the part of Defendant to furnish addition and supplemental information and documents as ad when such further information and documents become known or available between the times of the initial production hereunder and the time of hearing or trial in this action.

K.       In accordance with the provisions of MCR 2.302(E)(1), you are under a continuing duty seasonably to supplement your response with the respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity of each person expected to be called as an expert witness at the trial, and the subject matter on which he is expected to testify and to correct any response which you know or later learn is incorrect.

L.       Should Defendant have any questions regarding the production demanded hereunder, counsel is invited to contact the undersigned in advance of the date set for production herein, or any adjournment thereof.

## **REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

Please admit you have no facts in support of your Affirmative Defense No. 1 to Plaintiff's Complaint.

**RESPONSE NO. 1:**

**REQUEST NO. 2:**

Please admit you have no facts in support of Affirmative Defense No. 2 to Plaintiff's Complaint.

**RESPONSE NO. 2:**

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**REQUEST NO. 3:**

Please admit you have no facts in support of your Affirmative Defense No. 3 to Plaintiff's Complaint.

**RESPONSE NO. 3:**

**REQUEST NO. 4:**

Please admit you have no facts in support of your Affirmative Defense No. 4 to Plaintiff's Complaint.

**RESPONSE NO. 4:**

**REQUEST NO. 5:**

Please admit you have no facts in support of your Affirmative Defense No. 5 to Plaintiff's Complaint.

**RESPONSE NO. 5:**

**REQUEST NO. 6:**

Please admit you have no facts in support of your Affirmative Defense No. 6 to Plaintiff's Complaint.

**RESPONSE NO. 6:**

**REQUEST NO. 7:**

Please admit you have no facts in support of your Affirmative Defense No. 7 to Plaintiff's Complaint.

**RESPONSE NO. 7:**

4

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**REQUEST NO. 8:**

Please admit you have no facts in support of your Affirmative Defense No. 8 to Plaintiff's Complaint.

**RESPONSE NO. 8:**


**REQUEST NO. 9**

Please admit you have no facts in support of your Affirmative Defense No. 9 to Plaintiff's Complaint.

**RESPONSE NO. 9:**


**REQUEST NO. 10**

Please admit you have no facts in support of your Affirmative Defense No. 10 to Plaintiff's Complaint.

**RESPONSE NO. 10:**


**REQUEST NO. 11**

Please admit you have no facts in support of your Affirmative Defense No. 11 to Plaintiff's Complaint.

**RESPONSE NO. 11:**


**REQUEST NO. 12**

Please admit you have no facts in support of your Affirmative Defense No. 12 to Plaintiff's Complaint.

**RESPONSE NO. 12:**

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**REQUEST NO. 13**

Please admit you have no facts in support of your Affirmative Defense No. 13 to Plaintiff's Complaint.

**RESPONSE NO. 13:**


**REQUEST NO. 14:**

Please admit you have no facts in support of Affirmative Defense No. 14 to Plaintiff's Complaint.

**RESPONSE NO. 14:**


**REQUEST NO. 15:**

Please admit you have no facts in support of Affirmative Defense No. 15 to Plaintiff's Complaint.

**RESPONSE NO. 15:**


**REQUEST NO. 16:**

Please admit you have no facts in support of Affirmative Defense No. 16 to Plaintiff's Complaint.

**RESPONSE NO. 16:**


**REQUEST NO. 17:**

Please admit you have no facts in support of Affirmative Defense No. 17 to Plaintiff's Complaint.

**RESPONSE NO. 17:**

**REQUEST NO. 18:**

Please admit you have no facts in support of your Affirmative Defense No. 18 to Plaintiff's Complaint.

**RESPONSE NO. 18:**

**REQUEST NO. 19:**

Please admit you have no facts in support of Affirmative Defense No. 19 to Plaintiff's Complaint.

**RESPONSE NO. 19:**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

With regard to your response to items number 1 through 19 of Plaintiff's Request for Admissions and Interrogatories to Defendant, for **each** request to which you have not admitted, please:

    a.    State all facts upon which you base your failure to admit the request for admission;

    b.    Identify all persons who have knowledge of the facts stated in subparagraph (a);

    c.    Identify all witnesses (including expert) you expect to testify in support of the facts stated in subparagraph (a);

    d.    Provide a summary of the expected testimony of the witnesses identified in subparagraph (a);

    e.    Describe all documents that support the facts stated in subparagraph (a); and

    f.    Describe all documents you expect to use at trial, whether used as Exhibits for impeachment or for purposes which support the facts state in subparagraph (a). Please attach a copy of such documents.

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**ANSWER:**

**INTERROGATORY NO. 2:**

Please identify the names of any investigators hired by Defendant to investigate any of the claims and/or allegations involved in this suit. Please produce a copy of any surveillance tapes, whether video or audio, and any and all reports issued by these investigators, detailing the assignment to the investigator, the substance and results of the investigation.

**RESPONSE:**

**INTERROGATORY NO. 3**

Please identify all of the claims representatives or claims adjusters who have had or have responsibility for adjusting this claim. Please also identify the supervisors of these individuals.

**RESPONSE:**

**INTERROGATORY NO 4:**

Please identify the name and job title of the person or persons answering these discovery requests and identify any other individuals by name and title who assisted with the preparation of the responses.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Please state with particularity, the names, addresses, phone numbers and specific anticipated testimony of all witnesses who will be called to support defendant's affirmative defenses 1-17.

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**RESPONSE:**

<center>**REQUESTS FOR PRODUCTION OF DOCUMENTS**</center>

**REQUEST NO. 1:**

Please produce any and all documents, including, but not limited to, writings, drawings, graphs, charts, photographs, memoranda, notes, electronic recordings, other electronic data recordings or transmissions Defendant relied on in support of its answers to all of the Interrogatory Nos. 1-5.

**RESPONSE:**

**REQUEST NO. 2:**

Please produce a copy of the entire claim file maintained by Defendant on Plaintiff, including, but not limited to, any and all documents, writings, drawings, graphs, charts, photographs, memoranda, notes, electronic recordings, other electronic data recordings or transmissions, claims activity logs or diaries, investigations, and hard copies of any electronically recorded documents or stored data related to this claim.

**RESPONSE:**

**REQUEST NO. 3**

Please provide copies of any and all documents, papers or tangible things of any type, described as follows:

    a.     The complete claim file;
    b.     All adjuster log notes or diaries;
    c.     A certified policy of insurance that was in effect on the day of this accident;
    d.     A certified copy of the declaration page(s) that were in effect on the day of Plaintiff's accident;
    e.     All investigative materials/reports;
    f.     Any and all surveillance results (video, photographic, and written), as well as any and all investigation results;
    g.     Any and all internal computer memoranda/e-mail and other internal communications regarding Plaintiff's claims;

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

<div style="text-align:left">FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION<br>19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148</div>

h.   Any and all training materials forming the basis of the knowledge used by Defendant's claim representative and his claim team manager, in the course and scope of his employment with Defendant;

i.   Any and all policy and procedure manuals used by Defendant, and its employees or independently contracted claim representatives/adjusters;

j.   Any and all training materials forming the basis of the knowledge used by Defendant in managing claim representatives under its supervision;

k.   Any other materials relied upon by Defendant in its defense of this case;

l.   The complete collision claims file regarding this accident;

m.   The underwriting documents for any denial of benefits;

n.   A log of all benefits denied by Defendant regarding Plaintiff;

o.   A list of all submissions from Plaintiff and all medical providers regarding this claim by Plaintiff; and

p.   A copy of the pay log.

**RESPONSE:**

Respectfully submitted,

FIEGER, FIEGER, KENNEY,
GIROUX & HARRINGTON, P.C.

By:   /s/Geoffrey N. Fieger
       GEOFFREY N. FIEGER (P30441)
       Attorneys for Plaintiff
       19390 West Ten Mile Road
       Southfield, MI 48075
       248 355-5555/248 355-5148 FAX

Date: February 10, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument(s) was/were served upon all parties to the above cause via **WCCC E-FILE** on  February 10, 2015.

- PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AUTO-OWNERS INSURANCE COMPANY

Signed:  /s/Myra Manalo

---

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BRIAN BEAR,

               Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

               Defendant.

Case No. 15-001700-NF
Hon. Annette Berry

_____/

GEOFFREY N. FIEGER (P30441)
FIEGER, FIEGER, KENNEY,
GIROUX & HARRINGTON, PC.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555/248 355-5148 FAX
g.fieger@fiegerlaw.com

_____/

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## PLAINTIFF'S' INTERROGATORIES AND REQUEST FOR PRODUCTION REGARDING SURVEILLANCE, ETC.

Plaintiff, BRIAN BEAR, by and through his attorneys, Fieger, Fieger, Kenney, Giroux & Harrington, P.C., hereby direct the following Interrogatories and Requests for Production of Documents to Defendant(s), pursuant to MCR 2.309, 2.310 and 2.301. The information and documents requested include all information and documents in the possession or knowledge of the Defendant(s), their agents, employees, attorneys, investigators or insurers. Defendant(s) is/are requested to provide the documents along with the interrogatory answers.

1

Defendant(s) is/are required to serve answers to these interrogatories and requests for production of documents under oath upon opposing counsel within 28 days after the same are served.

These Interrogatories and Requests for Production of Documents shall be deemed continuing and supplemental answers shall be required when any additional information comes within the Defendant(s) possession with regard to the identity and location of persons having knowledge of discoverable matters or the identity of any person expected to be called as an expert witness at trial, or as such additional information indicates the answers previously given are incorrect or misleading.

<u>INTERROGATORIES</u>

INTERROGATORY # 1:     Please state whether Defendant, Defendant's Counsel or anyone acting on Defendant's behalf has hired an investigator to conduct surveillance of the Plaintiff since the date of the collision described in Plaintiff's Complaint.

Response:

INTERROGATORY # 2:     If your answer to the preceding interrogatory is "Yes", please provide the following information:

    a.  The name, address, telephone number and employer of each individual or entity retained to conduct surveillance of the Plaintiff.

    b.  The date, time and duration of each instance of surveillance.

    c.  The name of each individual who was present during each instance of surveillance.

    d.  A detailed description of what was observed during each instance of surveillance.

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Response:


INTERROGATORY #3:       Were any notes taken or any written reports prepared by any individual regarding the observations made during the instances of surveillance described in the preceding interrogatories?  If so, please provide the following information regarding such notes:

        a.  The name of each individual who prepared such notes.

        b.  The name of the current custodian of each set of notes.

        c.  A detailed description of the contents of each set of notes.

Response:


INTERROGATORY # 4:       Has Defendant, Defendant's Counsel or anyone acting on Defendant's behalf obtained or viewed any photographs, motion pictures, videotape, audiotape or any other visual or audio representation depicting the Plaintiff at any time since the date of the collision descried in Plaintiff's Complaint?

Response:

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

INTERROGATORY # 5:    If your response to the preceding interrogatory is "Yes", please provide the following information:

      a.  The name, address, telephone number and employer of each individual involved in the procurement, preparation, or creation of the item(s) related to your response to the preceding interrogatory.

      b.  The date and time of the events depicted in each item related to your response to the preceding interrogatory.

      c.  The location of the events depicted in each item related to your response to the preceding interrogatory.

      d.  The name, address, title and telephone number of the current custodian of each item related to your response to the preceding interrogatory.

      e.  A detailed description of the events depicted in each item related to your response to the preceding interrogatory.

Response:

INTERROGATORY # 6:    Has Defendant, Defendant's Counsel, or any individual or entity acting on Defendant's behalf obtained any written, videotape recorded, or audiotape recorded statement(s) from any individual claiming to have knowledge regarding the facts of the collision described in Plaintiff's Complaint, or Plaintiff's damage claims in this matter?

Response:

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

INTERROGATORY # 7:     If your response to the preceding interrogatory is "Yes", please provide the following information:

> a.  The name, address, telephone number and title of each individual that provided any statement related to your response to the preceding interrogatory.
>
> b.  The name, address, telephone number and title of each individual that was present during the offering of each statement related to your response to the preceding interrogatory.
>
> c.  The name, address, telephone number and title of the current custodian of each statement related to your response to the preceding interrogatory.
>
> d.  A detailed description of each alleged fact or opinion recited in each statement related to your response to the preceding interrogatory.

Response:

INTERROGATORY #8:     Has Defendant, Defendant's Counsel, or any individual or entity acting on Defendant's behalf obtained any documents, records, or any other tangible item, either through the use of subpoena, FOIA request, or any other means, regarding Plaintiff's background, activities, lifestyle, or any other matter which Defendant may be relevant to any claims or defenses raised in this litigation?

Response:

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

INTERROGATORY # 9:    If your response to the preceding interrogatory is "Yes", please provide the following information:

        a.    The name, address, telephone number and title of each individual that provided any documents, records or other tangible items related to your response to the preceding interrogatory.

        b.    The name, address, telephone number and title of each individual that was present during the offering of each document, record or tangible item related to your response to the preceding interrogatory.

        c.    The name, address, telephone number and title of the current custodian of each document, record or tangible item related to your response to the preceding interrogatory.

        d.    A detailed description of each alleged fact or opinion recited in each document, record or tangible item related to your response to the preceding interrogatory.

Response:

INTERROGATORY #10:    Has Defendant, Defendant's Counsel, or any individual or entity acting on Defendant's behalf obtained any PHOTOGRAPHS, VIDEO TAPE, RECORDED AUDIO STATEMENTS, OR ANY OTHER RECORDED MEDIUM which depict Plaintiff engaging in any activity whatsoever after the date of the accident described in Plaintiff's Complaint?

Response:

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

INTERROGATORY # 11:   If your response to the preceding interrogatory is "Yes", please provide the following information:

a.   The name, address, telephone number and title of each individual that participated in the procurement of such recorded medium which is related to your response to the preceding interrogatory.

b.   The name, address, telephone number and title of each individual that was present during the procurement of such recorded medium which is related to your response to the preceding interrogatory.

c.   The name, address, telephone number and title of the current custodian of each photograph video recording, audio recording or other recording.

d.   A detailed description of the contents or substance of each photograph, video recording, audio recording or other recording.

Response:

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING SURVIELLANCE</u>

**REQUEST TO PRODUCE NO. 1:**   Any and all notes prepared by any individual or entity related to or containing observations made during any surveillance of the Plaintiff at the request of Defendant, Defendant's Counsel or anyone acting on Defendant's behalf.

Response:

**REQUEST TO PRODUCE NO. 2:**   Any and all reports prepared by any individual or entity related to or containing observations made during any surveillance of the Plaintiff at the request of Defendant, Defendant's Counsel or anyone acting on Defendant's behalf.

Response:

**REQUEST TO PRODUCE NO. 3:**   Any and all photographs, motion pictures, videotape, audiotape, or any other visual or audio representation depicting the Plaintiff at any time since the date of the collision described in Plaintiff's Complaint.

Response:

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

REQUEST TO PRODUCE NO. 4:   Any and all written, videotape recorded, or audiotape recorded statement(s) from any individual claiming to have knowledge regarding the facts of the collision described in Plaintiff's Complaint, or of Plaintiff's damage claims in this matter.

Response:

REQUEST TO PRODUCE NO. 5:   Any and all documents, records, photographs, drawings, diagrams, or any other item which may be relevant to any claim or defense raised in Plaintiff's Complaint, Defendant's Answer and Affirmative Defenses, or any other pleading or paper filed in this matter, including but not limited to the rebuttal of Plaintiff's claim that he/she has sustained an injury which has affected the course or trajectory of Plaintiff's entire normal life.

Response:

REQUEST TO PRODUCE NO. 6:   Any and all correspondence between Defendant, Defendant's attorneys, or any other individual or entity action on Defendant's behalf and any individual or entity retained to conduct surveillance of the Plaintiff since the date of the collision described in Plaintiff's' Complaint.

Response:

REQUEST TO PRODUCE NO. 7:   Any and all invoices for services rendered by any individual or entity retained to conduct surveillance of the Plaintiff in connection with this matter.

Response:

REQUEST TO PRODUCE NO. 8:   All IRS forms 1099 or W-2, issued by Defendant, Defendant's Attorneys, or Defendant's Insurer to any individual or entity retained on the behalf of Defendant to conduct surveillance in connection with this matter from the date of the collision through the present.

Response:

<div style="margin-left: 40%;">

Respectfully submitted,

FIEGER, FIEGER, KENNEY,
GIROUX & HARRINGTON, P.C.


By:     /s/Geoffrey N. Fieger
        GEOFFREY N. FIEGER (P30441)
        Attorneys for Plaintiff
        19390 West Ten Mile Road
        Southfield, MI 48075
        248 355-5555/248 355-5148 FAX

</div>

Date:  February 10, 2015

<div style="text-align: left; writing-mode: vertical;">
FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148
</div>

10

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument(s) was/were served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on  February 10, 2015.

- PLAINTIFF'S' INTERROGATORIES AND REQUEST FOR PRODUCTION REGARDING SURVEILLANCE, ETC.

By:      x_____.U.S. Mail      _____ Fax
         _____ Hand Delivery      x_____ E-File

         Signed:  /s/Myra Manalo

---

11